IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:21 CV 207 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **GERALD ISOM,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Currently pending before the Court is Defendant Gerald Isom's Motion to Dismiss Indictment due to Pre-Indictment Delay. (Doc. 19). The Government filed a response in opposition (Doc. 20) and Isom replied (Doc. 22). For the reasons discussed below, the Court denies Isom's motion.

### BACKGROUND

The parties present slightly different timelines and details regarding the investigation of the case, but neither has contested the other's representations as to the facts.[1]

On the evening of December 26, 2019, emergency personnel responded to a reported overdose at a Toledo business. The individual – A.C. – was treated with Narcan and transported

---

1. The Government offers greater detail regarding its investigation. The Court can rely on representations from the Government in considering the reasons for delay. *See United States v. Rogers*, 118 F.3d 466, 476–77 (6th Cir. 1997) (citing *United States v. Lovasco*, 431 U.S. 783, 796 (1977), for the proposition that a court may rely upon counsel's representations as to the reason for preindictment delay); *United States v. Thomas*, 404 F. App'x 958, 961 (6th Cir. 2010) ("Even when the government cites its own court filings rather than offering sworn testimony on the investigative reasons for the delay, we may accept the government's representations about the reason for delay."). Moreover, even taking only the facts as alleged by Isom, the outcome herein would be the same because Isom has not satisfied his burden to show unconstitutional pre-indictment delay.

to the hospital. A substance found to be a mixture of cocaine and fentanyl was found in a baggie in A.C's pocket.

On the morning of December 27, 2019, emergency personnel responded to an incident near the Gibbs Road bridge in Richfield Center Township. Two individuals were deceased, two (S.G. and C.W.) were unconscious but breathing, and one (C.R.) was conscious. Emergency personnel administered Narcan to S.G. and C.W. and transported the three survivors to the hospital.

Law enforcement interviewed the three survivors on or shortly after December 27. C.R. stated they purchased cocaine at a Shell gas station on Monroe Street in Toledo, Ohio. Defendant asserts that in one of these initial interviews, C.W. stated the cocaine "was purchased from a black male sitting on a milk crate at a Shell gas station." (Doc. 19, at 4).

Defendant asserts an interview was conducted with A.C. on January 10, 2020.

On March 10, 2020, the coroner issued a report finding both deceased individuals died from acute combined intoxication with ethanol and fentanyl.

The Government asserts law enforcement reinterviewed the three survivors in March, November, and December 2020.

The Government asserts that on February 9, 2021, the FBI interviewed A.C. A.C. stated he received drugs that caused him to fall unconscious from someone he knew to be Isom.

On March 29, 2021, law enforcement agents interviewed Isom; he admitted to selling drugs during December 2019.

On April 1, 2021, the indictment charging Isom with distribution of a controlled substance in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(c) was unsealed. (Doc. 1). The

indictment alleged Isom distributed a mixture or substance containing a detectable amount of fentanyl on or about December 26 and 27, 2019. *Id.*

## STANDARD OF REVIEW

"[A] successful Due Process claim for pre-indictment delay requires that a defendant establish" two elements: "(1) prejudice to his right to a fair trial, and (2) that the delay was intentionally caused by the government in order to gain a tactical advantage." *United States v. Atchley*, 474 F.3d 840, 852 (6th Cir. 2007) (quoting *United States v. Wright*, 343 F.3d 849, 859 (6th Cir. 2003)). The defendant shoulders a "heavy burden" in order to show his rights were violated by pre-indictment delay. *United States v. Baltimore*, 482 F. App'x 977, 981 (6th Cir. 2012).

To satisfy the first, "prejudice" prong, a defendant must "show[ ] substantial prejudice to his right to a fair trial." *United States v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009) (quoting *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984)). A showing of substantial prejudice requires more than just "the possibility of prejudice inherent in any extended delay." *United States v. Marion*, 404 U.S. 307, 326 (1971).

To satisfy the second prong, a defendant must show the delay was intentionally caused by the Government to gain a tactical advantage. *Atchley*, 474 F.3d at 852. In evaluating whether a defendant has satisfied the "intentional-delay" prong, "[i]t is well-established that a delay resulting from investigative efforts 'does not deprive [a defendant] of due process, even if his defense may have been somewhat prejudiced by the lapse of time.'" *United States v. Rogers*, 118 F.3d 466, 476 (6th Cir. 1997) (quoting *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986)).

Both elements are difficult to establish, and a defendant who moves to have his indictment dismissed for pre-indictment delay faces an uphill battle. *Id.* at 477 n.10 ("[T]he standard for pre-indictment delay is nearly insurmountable . . . .").

## DISCUSSION

Isom moves to dismiss this case due to the fifteen-month delay between the alleged criminal activity and the indictment. He further asserts there is "no justifiable" reason for the delay as interviews were conducted "almost immediately" with three witnesses (Doc. 19, at 4) and that the Government gained a tactical advantage due to the lengthy delay (Doc. 22, at 2).

Prejudice

To prevail, Isom must first show that any delay between the crime and the filing of the indictment caused "substantial prejudice" to his right to a fair trial. *Rogers*, 118 F.3d at 475. Isom asserts prejudice in the form of "[t]he passage of time in this matter diminishes memories, ability to secure witnesses, and/or corroboration of the facts." (Doc. 19, at 4). This is nothing more than a vague and generalized allegation of potential prejudice. The Supreme Court explained a defendant may not rely "solely" on the "possibility of prejudice" that accompanies any delay, including concerns that "memories will dim, witnesses will become inaccessible, and evidence [will] be lost." *Marion*, 404 U.S. at 326 ("In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment."). A defendant must provide more than "general allegations" regarding potential prejudice. *Schaffer*, 586 F.3d at 424 ("Schaffer points to no examples of actual prejudice. He does not contend that he was unable to assist in his own defense, nor does he suggest that witnesses were unavailable

4

or that specific evidence had been lost or destroyed. Simply put, Schaffer falls far short of demonstrating that he was actually and substantially prejudiced by the delay.").

Because Isom has provided no more than the above general allegations of potential prejudice, he has not satisfied his "heavy burden" to establish the first prong of his pre-indictment delay claim. *Baltimore*, 482 F. App'x at 981.

Intention

Nor has Isom satisfied his burden to show the second prong – "that the delay was intentionally caused by the government in order to gain a tactical advantage." *Atchley*, 474 F.3d at 852. Isom asserts there was no justifiable reason for the delay, given that three witnesses were interviewed almost immediately and another was interviewed two weeks later. (Doc. 19, at 4-5). He further contends the Government's timeline demonstrates its tactical advantage in that it continued to investigate without a resulting indictment. (Doc. 22, at 2).

The Government responds that the timeline of its investigation shows it "consistently and persistently investigated this case and brought it to its conclusion within fifteen months." (Doc. 20, at 4). The Court can rely on representations from the Government in considering the reasons for delay. *See Rogers*, 118 F.3d at 476–77 (a court may rely upon counsel's representations as to the reason for preindictment delay); *United States v. Thomas*, 404 F. App'x 958, 961 (6th Cir. 2010) ("Even when the government cites its own court filings rather than offering sworn testimony on the investigative reasons for the delay, we may accept the government's representations about the reason for delay."); *see also Baltimore*, 482 F. App; at 981. ("Baltimore has offered nothing to rebut the government's assertion—and the district court's finding—that the government continued to investigate and build its case until indictment.").

5

Here, the Government asserts it took steps to investigate this matter from December 2019 through just before the indictment's unsealing on April 1, 2021. Isom has presented nothing to contradict this timeline. "Most importantly, nothing in the record suggests that the government delayed indicting [Isom] in order to gain an upper hand." *United States v. Lively*, 852 F.3d 549, 567 (6th Cir. 2017) . As such, Isom has not satisfied his burden to establish the second prong of a pre-indictment delay claim.

Evidentiary Hearing

Isom seeks an evidentiary hearing "on this motion and the opportunity to develop the record." (Doc. 19, at 1). The Court finds such a hearing unnecessary given the vague and conclusory nature of Isom's arguments. *See United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016) (absent a *prima facie* showing that defendant was actually prejudiced by the delay and that the government acted purposefully, an evidentiary hearing on preindictment delay is not warranted); *United States v. Ledbetter*, 2015 WL 4751468, at *12 (S.D. Ohio) (finding hearing unnecessary "given the speculative and conclusory nature of Defendants' arguments"); *see also United States v. Labine*, 878 F.2d 382 (6th Cir. 1989) ("After his indictment, the defendant filed a motion to dismiss alleging pre-indictment delay. This motion was denied without an evidentiary hearing. LaBine argues that this denial was an error."); *United States v. Shafer*, 384 F. Supp. 480, 483 (N.D. Ohio 1974) (denying evidentiary hearing where defendants failed to support their motion with specific allegations of prejudice).

Isom "of course, may renew [his] motion 'if there is a sufficient showing of [substantial] prejudice at trial.'" *Ledbetter*, 2015 WL 4751468, at *12 (quoting *Shafer*, 384 F. Supp. at 483).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss Indictment (Doc. 19) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
